DEFFET RENTALS, INC., PETITIONER v. THE CITY OF BURLINGTON,
N. C., A BODY POLITIC INCORPORATED IN THE STATE OF NORTH CAROLINA,
AND JACK D. CHILDERS, BUILDING INSPECTOR, FOR THE CITY OF
BURLINGTON, NORTH CAROLINA, RESPONDENTS

No. 7515SC383

(Filed 5 November 1975)

1. Municipal Corporations § 31— zoning — review of decision of board
of adjustment

Although the proper procedure for obtaining superior court review
of a decision of the board of adjustment was not followed since peti-
tioner instituted an action by filing a complaint and having summons
issued rather than petitioning the superior court for a writ of certi-
orari, the court in effect allowed a petition for certiorari when it pro-
ceeded to hear the controversy and the cause will be treated as though
it entered the superior court by way of certiorari.

2. Municipal Corporations § 31— zoning — review of decision of board of
adjustment

In reviewing a decision of the board of adjustment, it is not
the function of the reviewing court to find the facts but to determine
whether the findings of fact made by the board are supported by the
evidence before the board and whether the board made sufficient
findings of fact.

3. Municipal Corporations § 31— denial of building permit — vested rights
— review by certiorari

Certiorari is the proper procedure to review proceedings before
a board of adjustment when an aggrieved party believes that his
application for a building permit has been denied in violation of the
"vested rights" doctrine.

4. Municipal Corporations § 31— denial of building permit — insufficiency
of findings

Findings of fact by the board of adjustment were insufficient
to enable the reviewing court to determine whether the board acted
arbitrarily or committed errors of law in the denial of a building per-
mit for the construction of apartments where the board merely found
that at the time petitioner applied for the permit, the zoning classifi-
cation for the property prohibited construction of apartments, and
the board failed to make findings as to petitioner's contention that it
had acquired a vested right to construct apartments on the property.

APPEAL by respondents from *Brewer, Judge.* Judgment en-
tered 5 February 1975 in Superior Court, ALAMANCE County.
Heard in the Court of Appeals 3 September 1975.

The record discloses: On 26 March 1973 petitioner applied
for a building permit to construct a multifamily apartment
dwelling outside the City of Burlington but within the City's

zoning jurisdiction. The inspector refused to issue the permit and petitioner appealed to the Board of Adjustment. After hearing the appeal the Board affirmed the decision of the Building Inspector in refusing to grant the permit. The Board found as a fact that at the time petitioner applied for the permit, the property where the apartments were to be built was zoned R-15, a classification that prohibited construction of multifamily dwellings. The Board made no other findings of fact and concluded that the permit was properly denied.

On 5 March 1974 plaintiff (referred to as petitioner) brought this action against the City of Burlington and the Building Inspector for a writ of certiorari to obtain judicial review of the Board's decision. Respondents filed answer and the cause came on for trial. No testimony was offered by either party. The parties stipulated that the court hear the cause on the pleadings and on the briefs filed by attorneys for the parties without a jury. Petitioner's evidence consisted primarily of a written summary of the evidence offered before the Board of Adjustment which evidence tended to show: In August 1972 petitioner entered into a contract to purchase the property in question from Horace R. Kornegay, Annie Ben Kornegay, Gerald L. Clapp, and Nancy Clapp. The property was not zoned at that time. A representative of petitioner consulted with the City Planning Director who told him that there was a proposal to extend zoning to the area where the proposed apartments were to be located and that multifamily zoning would be recommended for the area. In December 1972 petitioner was ready to begin construction, but the City asked the petitioner to delay construction and expand its apartment project to include property owned by F. D. Fowler in addition to the Kornegay-Clapp tract. Petitioner delayed construction and commenced negotiations for the purchase of the Fowler tract. On 6 February 1973 the Kornegay-Clapp tract was zoned for single family residences. Petitioner nevertheless applied for a building permit but it was denied. Petitioner has incurred expenses of $6,600 in connection with the apartment project, including travel expenses, architect fees and a deposit on the purchase price of the property. It is obligated to pay the remaining purchase price of $42,000.00.

Respondents offered in evidence a letter from the planning director to a representative of petitioner, dated September 1972, stating that the property being purchased by petitioner would

probably be zoned for multifamily residences but that no guarantee could be given. They also offered a letter from the planning director to one J. R. Fowler, dated 6 December 1972, with a copy sent to petitioner, stating that the Fowler tract would probably be zoned for single family residences. Certain other correspondence was offered by respondents.

The superior court made extensive findings of fact, substantially as petitioner's evidence before the Board of Adjustment tended to show. It found that before the Kornegay-Clapp tract was zoned for single family residences, petitioner had expended substantial amounts of money in good faith and in reasonable reliance on the law as it then existed. The court held that the City had acted improperly in withholding the requested building permit and issued a writ of mandamus requiring the building inspector to issue the permit. The respondents excepted and appealed.

*Allen, Allen & Bateman, by Robert J. Wishart, for petitioner appellee.*

*Robert M. Ward, for respondent appellants.*

MARTIN, Judge.

In their first assignment of error respondents contend the court failed to follow proper procedure for reviewing an administrative decision pursuant to certiorari. The assignment has merit.

[1] It is noted that instead of petitioning the superior court for a writ of certiorari, petitioner instituted an action by filing a complaint and having summons issued. While the procedure appears to be unusual, we do not think it was fatal in this case in view of the stipulation providing that the court might hear the matter and the court's proceeding to do so. By proceeding to pass upon the controversy, the court, in effect, allowed a petition for certiorari and we will treat the cause as though it had entered the superior court by way of certiorari.

[2] The decision of a board of adjustment is final as to facts found provided there is evidence to support such facts. The court is empowered to review errors in law but not facts. It can give relief against orders which are arbitrary, oppressive, or attended with manifest abuse of authority and ones which are unsupported by the evidence. *In re Campsites Unlimited;*

23 N.C. App. 250, 208 S.E. 2d 717 (1974), aff. 287 N.C. 493 (1975). See *Lee v. Board of Adjustment*, 226 N.C. 107, 37 S.E. 2d 128 (1946). It is not the function of the reviewing court, in such a proceeding, to find the facts but to determine whether the findings of fact made by the Board are supported by the evidence before the Board and whether the Board made sufficient findings of fact. *In re Campsites Unlimited*, 287 N.C. 493, 215 S.E. 2d 73 (1975).

It follows that in the instant case the trial court was without authority to make findings of fact and conclusions of law thereon. In so doing, it committed error.

Respondents next assign as error the action of the court in granting petitioner's relief based on the doctrine of vested rights. They contend that the Board of Adjustment acted properly in denying petitioner's application for a building permit.

Petitioner basically contends that at the time of the enactment of a zoning ordinance affecting its land it had acquired a vested right to proceed with construction. The respondents contend that petitioner was aware that zoning which might be adverse to the proposed use to which the petitioner was going to put the area in question was being contemplated.

[3]   Certiorari is the proper procedure to review proceedings before a board of adjustment when an aggrieved party believes that his application for a building permit has been denied in violation of the "vested rights" doctrine declared in *Town of Hillsborough v. Smith*, 276 N.C. 48, 170 S.E. 2d 904 (1969).

In this case there was evidence which tended to show that petitioner negotiated the purchase of property . for the purpose of constructing multifamily apartment dwellings. The land was located outside the corporate limits of the City of Burlington but within the extra-territorial zoning area controlled by the City. No zoning ordinances for this area had been enacted at that time. After entering into a contract to purchase this property and in response to requests by city officials, the petitioner delayed construction of its project until other property owners could be contacted with a view towards including the additional property in the project. The petitioner entered into an option contract to purchase this additional land and undertook substantial expenditures including major revisions in its preconstruction planning. Thereafter, on 6 February 1973 the City zoned the property for single family residences only.

Petitioner asserts a legal right to non-conforming use of the land in question. Whether it has such legal right depends upon factual findings.

"[O]ne who, in good faith . . . makes expenditures or incurs contractual obligations, substantial in amount, incidental to or as a part of the acquisition of the building site or the construction . . . may not be deprived of his right to continue such construction and use. . . . " *Town of Hillsborough v. Smith, supra.*

[4] Safeguards against arbitrary action by zoning boards in allowing or denying the application of use permits require the board to state the basic facts on which it relied with sufficient specificity to inform the parties, as well as the court, what induced its decision. See *Refining Co. v. Board of Aldermen,* 284 N.C. 458, 202 S.E. 2d 129 (1974). In this case the findings of fact by the Board of Adjustment are insufficient to enable the reviewing court to determine whether the Board had acted arbitrarily or had committed errors of law in affirming the Building Inspector and denying the permit.

Respondents' contention that petitioner has no standing for the reason that petitioner is an optionee has no merit. The record is clear that petitioner was bound by contract to purchase the land in question.

For the reasons stated, the judgment of the superior court is vacated; and the cause is remanded for entry of an order setting aside the findings of fact and conclusions of law made by the Board of Adjustment and directing that a further hearing be held by the Board for a determination, on competent and substantial evidence, of petitioner's asserted rights.

Error and remanded.

Judges BRITT and HEDRICK concur.