R. W. CANNON, CANNON HEATING & AIR CONDITIONING COMPANY, AND THE CITY OF WILMINGTON, NORTH CAROLINA, PETITIONERS v. THE ZONING BOARD OF ADJUSTMENT OF THE CITY OF WILMINGTON, NORTH CAROLINA, JAMES A. PRICE, JR., CHAIRMAN, ROBERT J. WILLINGHAM, III, RICHARD P. REAGAN, JACK W. SMITH, SR., RICHARD L. McLEOD AND CLYDE G. MARTIN, RESPONDENTS, AND HAROLD E. LANGE, NANCY G. LANGE, W. R. CRABBIE, WILLIAM D. ESTABROOK, MARILYN ESTABROOK, ROBERT C. BURNETTE, FLORA BURNETTE, JOE HARDEN, CHERYL HARDEN, R. A. McCLURE, JR., PAUL CHESTNUT, FRANK G. RUZZANO, ALICE K. RUZZANO, FRED STERNBERGER, CHRIS STERNBERGER, MRS. CARL BROWN, SR., CHARLES L. CHANCE, MARGUERITE L. CHANCE, JAMES F. BLOOMER, C. A. HUGHES, LAWRENCE L. MARTENEY, RUTH MARTENEY AND RICHARD E. UFFALUSSY, INTERVENOR-RESPONDENTS

No. 825SC1238

(Filed 15 November 1983)

1. **Municipal Corporations § 31.2— revocation of building permit—appeal from decision—scope of review**

In an appeal from the revocation of a building permit, examination of a superior court order revealed that the superior court did not exceed its powers where the judge expressly concluded, based on extensive examination of the whole record, that the decision of the zoning board was free of error in law, that appropriate procedures were followed, that the petitioners were afforded full due process rights, and that the decision of the board was supported by substantial evidence and was neither arbitrary nor oppressive.

2. **Municipal Corporations § 30.15— enlargement of nonconforming use—sufficiency of evidence**

Examination of the record revealed ample evidentiary support for a zoning board's findings and conclusion that construction of a building would constitute enlargement of a nonconforming use where evidence regarding the nature and extent of petitioner's asserted nonconforming use was controverted, and where the board, sitting as the trier of fact, was entitled to find and conclude that the proposed use of a building which petitioners wished to construct would expand the prior nonconforming use of his property.

Cannon v. Zoning Bd. of Adjustment of Wilmington

3. **Municipal Corporations § 30.15— revocation of building permit—nonconforming use—relevancy of evidence**

In an action in which petitioners appealed the revocation of a building permit, the board's consideration of evidence pertaining to a request for a variance to allow a stable and pertaining to the fact that petitioner's business had substantially increased did not constitute reversible error.

Judge BECTON concurring in the result.

APPEAL by Petitioners from *Tillery, Judge.* Judgment entered 5 May 1982 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 20 October 1983.

Petitioners appeal the revocation of a building permit by the Wilmington Zoning Board of Adjustment. The Board based its decision to revoke the permit on its conclusion that the construction of the building in question would constitute an unlawful expansion of a nonconforming use. The evidence tends to show the following:

Mr. Cannon, one of the petitioners, purchased property outside the Wilmington city limits in 1952, at which time he established a business in a building on the property. Mr. Cannon used this property as well as adjacent property not owned by him to store materials and equipment related to his business. In 1964 the City annexed Mr. Cannon's property and the property adjacent to it, and the land was zoned as a "single family district." While Mr. Cannon's commercial use of his property would ordinarily be prohibited under this zoning classification, it qualifies as a prior nonconforming use and has not been challenged. In 1965 Mr. Cannon purchased the adjacent property; his continued use of this property for storage is uncontroverted, although the frequency and extent of his use has been hotly disputed. In 1981 Mr. Cannon obtained from the City Building Inspector a permit for construction of a storage building, 50 feet by 80 feet, to be placed in part on the property he acquired in 1965. Neighboring landowners appealed the Building Inspector's decision to issue the permit. Following a hearing on the matter by the City Board of Adjustment, the Board made findings of fact and conclusions of law and revoked the building permit. Petitioners sought and obtained review of the Board's decision by writ of certiorari in the Superior Court. From the judgment of the Superior Court affirming the decision of the Board of Adjustment, petitioners appealed.

*Laura E. Crumpler and Thomas C. Pollard for petitioner, appellant, City of Wilmington.*

*Burney, Burney, Barefoot & Bain, by Auley M. Crouch, III, and Hunter, Wharton & Howell, by John V. Hunter, III, for petitioners, appellants, R. W. Cannon and Cannon Heating and Air Conditioning, Inc.*

*Murchison, Taylor & Shell, by William R. Shell for respondents, appellees and intervenor-respondents, appellees.*

HEDRICK, Judge.

[1]   The Petitioners first contend that "the Superior Court exceeded its powers and was without jurisdiction to make findings of fact and conclusions of law based thereon." Petitioners' reference is to the findings of fact made by the Superior Court judge based on his review of the record.

The duty of the Superior Court in reviewing the decision of a town board sitting as a quasi-judicial body was succinctly enunciated by Justice Carlton in *Concrete Co. v. Board of Commissioners,* 299 N.C. 620, 626, 265 S.E. 2d 379, 383 (1980) as follows:

[T]he task of a court reviewing a decision on an application for a conditional use permit made by a town board sitting as a quasi-judicial body includes:

(1) Reviewing the record for errors in law,

(2) Insuring that procedures specified by law in both statute and ordinance are followed,

(3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,

(4) Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and

(5) Insuring that decisions are not arbitrary and capricious.

Examination of the order filed by the Superior Court in the instant case reveals a conscientious effort by the trial judge to

fully comply with his responsibilities as set out in *Concrete Company.* The judge expressly concluded, based on an extensive examination of the whole record, that the decision of the Board was free of error in law, that appropriate procedures were followed, that the Petitioner was afforded full due process rights, and that the decision of the Board was supported by substantial evidence and was neither arbitrary nor oppressive. While it may have been unnecessary for the trial judge to make additional findings of fact, examination of the challenged findings reveals a recitation of largely uncontroverted evidence. In this we find no prejudicial error.

[2] Petitioners' second argument is that "the superior court erred in affirming the Board of Adjustment's conclusion that the building constitutes an enlargement of a nonconforming use." Expansion of nonconforming situations is governed by Wilmington City Zoning Ordinance Sec. 13(E), which in pertinent part provides:

(1) Except as specifically provided in this section, it shall be unlawful for any person to engage in any activity that causes an increase in the extent of nonconformity of a nonconforming situation.

. . .

(5) Physical alteration of structures or the placement of new structures on open land are unlawful if they result in:

(a) An increase in the total amount of space devoted to a nonconforming use; . . .

The question before this Court, as before the Superior Court, is whether the Board's conclusion is supported by findings of fact that are in turn supported by substantial evidence when the whole record is considered. Our examination of the record reveals ample evidentiary support for the Board's findings and conclusion that construction of this building would constitute enlargement of the nonconforming use. Mr. Cannon's own testimony was that his use of the area in question has been sporadic and varied. Furthermore, assuming *arguendo* that Cannon's use of property not owned by him would be protected as a nonconforming use if it otherwise qualified for such treatment, our examination of the

record discloses little evidence that the extent of his use in 1964, at the time of annexation, was equivalent to or greater than that now encompassed by a 4000 square foot building. We further note evidence in the record tending to show that Mr. Cannon began to use the property in question for open-air "storage" in the early 1970s, and that his use of the area at that time included parking as well as "storage." In short, the evidence regarding the nature and extent of Mr. Cannon's asserted nonconforming use was controverted, and the Board, sitting as the trier of fact, was entitled to find and conclude that the proposed use would expand the prior nonconforming use. Because the Board's findings and conclusions are supported by substantial evidence in the record as a whole, we find no error in the action of the Superior Court.

[3] Petitioners next argue that "the controversy over the stable located on appellant Cannon's property is irrelevant; findings of fact pertaining to the stable and conclusions of law based thereon should be disregarded." Petitioners' reference is to the Board's consideration of evidence relating to the history of Mr. Cannon's use of the property he acquired in 1965. Specifically, the evidence tended to show, and the Board found as a fact, that Mr. Cannon had applied for a variance that would allow a stable located on the property to be used for commercial storage. The request for a variance was ultimately denied as an illegal expansion of a nonconforming use. We do not agree that the Board's consideration of this evidence constitutes reversible error. The evidence supporting the Board's findings in this regard was uncontroverted, and in our opinion clearly relevant to the question before the Board — the extent and nature of Petitioner's asserted nonconforming use of his property. In their brief, Petitioners fail to identify the conclusions of law allegedly based on these findings, and our review of the record indicates that the Board's conclusions are supported by evidence and findings independent of those challenged. We find no error in the actions of the Board and Superior Court in this regard.

Petitioners' final argument is that the Board erred in finding as a fact that Mr. Cannon's business had substantially increased since 1964. Once again Petitioners' challenge is not to the accuracy of the finding, but rather to its relevance to the issues before the Board. Examination of the Board's conclusions clearly reveals that the Board did not base its decision on the ground

that Mr. Cannon's growth in business amounted to expansion of a nonconforming use. We do not believe that the spirit of zoning legislation would be served by requiring administrative boards to confine their consideration of evidence to that bearing a direct and immediate relationship to narrow legal questions or else risk reversal at the appellate level. Where, as here, the conclusions of the Board are supported by findings of fact based on substantial evidence, the presence of additional findings not necessary to the decision will not constitute reversible error.

The judgment of the Superior Court affirming the decision of the Board of Adjustment is

Affirmed.

Chief Judge VAUGHN concurs.

Judge BECTON concurs in the result.

Judge BECTON concurring in the result.

Because I view this case as involving an *enlargement* or *expansion* of a nonconforming use, I concur. Fearful that our decision today may be read as prohibiting *intensification* of a nonconforming use, I quote the following passage from 1 R. Anderson, *American Law of Zoning* § 6.47 (2d ed. 1976):

§ 6.47. Volume, intensity, or frequency of use.

A nonconforming use of land, whether it is a dairy farm, a manufacturing plant, or a rooming house, is not likely to remain static. As the use is exploited and economic changes occur, it may grow in volume or intensity, and periods of active use may become more frequent or of longer duration. These changes in the level of use may have profound impact upon property in the areas where they are located, but the zoning regulations seldom include specific provisions for restricting this kind of growth. . . . Absent some element of identifiable change or extension, an increase (sometimes referred to as a 'mere' increase) in volume, intensity, or frequency of use is held not to be an extension of use proscribed by [zoning] ordinances. . . .

The Wilmington City zoning ordinance, as codified in Wilmington, N. C., Code ch. 32 (1969), itself suggests that qualitative, as opposed to quantitative, changes are not prohibited. For example, ch. 32 § 13(E)(4) provides: "Where a nonconforming situation exists, the equipment or processes may be changed if these or similar changes amount only to *changes in degrees of activity,* rather than changes in kind. . . ." (Emphasis added.)

Finally, although in my view "the controversy over the stable located on appellant Cannon's property," ante p. 6, was irrelevant, I am still not convinced that the Board's consideration of this evidence constituted reversible error.