**SHONEY'S v. BD. OF ADJUSTMENT FOR CITY OF ASHEVILLE**

[119 N.C. App. 420 (1995)]

SHONEY'S OF ENKA, INC., A NORTH CAROLINA CORPORATION, A SUBSIDIARY OF B&G ENTERPRISES, D/B/A "SHONEY'S OF ASHEVILLE" V. THE BOARD OF ADJUSTMENT FOR THE CITY OF ASHEVILLE AND THE CITY OF ASHEVILLE

No. COA94-837

(Filed 5 July 1995)

### Zoning § 123 (NCI4th)— sign ordinance—variance denied— insufficient findings to permit review

Denial of plaintiff's request for a variance from the city's sign ordinance was not supported by sufficient findings of fact for the court to determine whether the Board of Adjustment's decision was arbitrary or based on errors of law.

**Am Jur 2d, Zoning § 1064.**

Appeal by plaintiff from order entered 3 December 1992 by Judge Robert D. Lewis in Buncombe County Superior Court. Heard in the Court of Appeals 20 April 1995.

*T. Karlton Knight for plaintiff-appellant.*

*Nesbitt & Slawter, by William F. Slawter and Martha Walker-McGlohon, for defendant-appellees.*

MARTIN, MARK D., Judge.

Plaintiff appeals from judgment affirming the decision of the City of Asheville Board of Adjustment (the Board of Adjustment) denying plaintiff's request for a zoning variance. We reverse and remand.

On 5 March 1992 plaintiff applied for a variance from the requirements set forth in § 30-9-5(B-4) of the City of Asheville Code of Ordinances to erect a new sign on property located near the intersection of U.S. Highway 19/23 and Interstate 40. On 20 April 1992 the Board of Adjustment held a hearing on the requested variance and voted three to two in favor of plaintiff's request. However, because N.C. Gen. Stat. § 160A-388(e) requires a four-fifths vote of the Board of Adjustment to grant a variance, plaintiff's variance request was ultimately denied. Plaintiff appealed to superior court.

On 7 December 1992 the superior court entered an order affirming the Board of Adjustment's decision denying plaintiff's requested variance. On 31 December 1992 plaintiff appealed to this Court. On 19 April 1994, in an unpublished opinion, this Court held it was unable to

determine from the record whether the superior court had subject matter jurisdiction to hear plaintiff's petition for review and remanded this matter to the superior court. *Shoney's of Enka v. Bd. of Adjustment for City of Asheville*, 114 N.C. App 505, 444 S.E.2d 494 (1994). On 31 May 1994 the trial court entered an order finding that pursuant to N.C. Gen. Stat. § 160A-388 plaintiff had appealed within the thirty days provided and therefore concluded it had subject matter jurisdiction when it entered its 7 December 1992 order. From this order, plaintiff appeals.

Plaintiff contends the superior court erred by affirming the Board of Adjustment's denial of plaintiff's variance.

Judicial review of the decision of the Board of Adjustment is limited to: (1) reviewing the record for errors in law; (2) insuring procedures specified in both statute and ordinance are followed; (3) insuring appropriate due process rights of a petitioner are protected, including the right to offer evidence, to cross-examine witnesses, and to inspect documents; (4) insuring decisions of the town board are supported by competent, material and substantial evidence in the whole record; and (5) insuring the decisions are not arbitrary and capricious. *Concrete Co. v. Board of Commissioner's*, 299 N.C. 620, 626, 265 S.E.2d 379, 383, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 106 (1980). "It is not the function of the reviewing court . . . to find the facts but to determine whether the findings of fact made by the Board are supported by the evidence before the Board and whether the Board made sufficient findings of fact." *Rentals Inc. v. City of Burlington*, 27 N.C. App. 361, 364, 219 S.E.2d 223, 226 (1975) (*citing In re Campsites*, 287 N.C. 493, 215 S.E.2d 73 (1975)).

Plaintiff contends the decision of the Board of Adjustment was not supported by sufficient findings of fact to permit adequate judicial review. We agree.

Findings of fact provide a safeguard against arbitrary action by the board of adjustment by providing a sufficient record upon which this Court can review the board's decision. *Id.* at 365, 219 S.E.2d at 227. "[A]ction[s] by zoning boards in allowing or denying the application of use permits require the board to state the basic facts on which it relied with sufficient specificity to inform the parties, as well as the court, what induced its decision." *Id.* at 365, 219 S.E.2d at 226-227 (*citing Refining Co. v. Board of Aldermen*, 284 N.C. 458, 202 S.E.2d 129 (1974)). As a corollary to this principle, we do not believe the Board may rely on findings of fact which are merely conclusory in

form. *See, e.g., Wolff v. Dade County,* 370 So.2d 839, 842 (Fla. App.) (simple determination by County that development of applicant's property is not needed is not a proper basis for a determination of the reasonableness of such an application), *cert. denied,* 379 So.2d 211 (Fla. 1979); *Redden v. Montgomery County,* 313 A.2d 481, 490 (Md. 1974) (findings of county board of appeals in granting special exception which merely repeat the exact language of the county code with respect to mandatory requirement are insufficient).

In the instant case the Board of Adjustment made the following findings of fact:

1. It is the Board's conclusion that, if the applicant complies strictly with the provisions of this article, the applicant (can/cannot) make reasonable use of the sign allowed. This conclusion is based on the following findings of fact:

Petitioner did not satisfy requirements set forth in opening statement.

and

2. It is the Board's conclusion that the hardship of which the applicant complains is (unique/not unique) or nearly so, and is (is/not) suffered by the applicant rather than by owners of surrounding properties or the general public. This conclusion is based on the following findings of fact:

and

3. It is the Board's conclusion that the hardship (relates/does not relate) to the applicant's land (rather than/but) to personal circumstance. This conclusion is based on the following findings of fact:

and

4. It is the Board's conclusion that the hardship (is/not) the result of the applicant's own actions. This conclusion is based on the following findings of fact:

and

5. It is the Board's conclusion that the variance (will/will not) result in the extension of a non-conforming use (and/nor) authorize the initiation of a non-conforming use. This conclusion is based on the following findings of fact:

and

6. It is the Board's conclusion that the variance (is/[is]not) in harmony with the general purpose and intent of this article and (preserves/does not preserve) and (secures/does not secure) the public safety and welfare and (does/does not do) substantial justice. This conclusion is based on the following findings of fact:

The findings of the Board of Adjustment are conclusory at best. Indeed, these findings merely constitute a preprinted form couched in the language of the relevant section of the City's zoning ordinance. Although the form provides space to insert findings, the Board elected for whatever reason to rely solely on the language of the preprinted form. The only written finding was the conclusion that "petitioner did not satisfy requirements set forth in opening statement." Although § 30-9-11 of the ordinance only requires the Board to make written findings when granting a variance, "[t]he requirement that a board of adjustment make findings may be imposed by statute, by ordinance, or by judicial decision." 4 R.M. Anderson, *American Law of Zoning* § 22.41, at 109-110 (1986). We believe the conclusory findings of the Board do not satisfy the standard articulated in *Rentals Inc., supra,* where we concluded that findings of fact by a Board of Adjustment must be sufficient "to enable the reviewing court to determine whether the Board ha[s] acted arbitrarily or ha[s] committed errors of law." *Id.* at 365, 219 S.E.2d at 227.

As noted by Professor Anderson in his American Zoning Law treatise:

the requirement that a board of adjustment make appropriate findings is not met by a mere restatement of the terms of the applicable statute or ordinance.

. . . .

Disapproval of findings in the language of the statute or ordinance has been explained on the ground that delegations of power to boards of adjustment are broad, and the scope of judicial review is narrow. If the court's power to correct clear abuses of discretion is to be effectively exercised, the findings must disclose the facts upon which the board's determination rests.

4 R.M. Anderson, *American Law of Zoning* § 22.44, at 124-125.

We conclude the present findings are insufficient to adequately determine whether the Board of Adjustment's decision is based upon facts which are supported by evidence in the record. The Board's failure to make such findings, makes it impossible to determine whether the Board rested its decision on considerations other than those set forth in § 30-9-11 of the ordinance and further complicates this Court's ability to review whether the Board acted arbitrarily or committed errors of law. Therefore, the order of the superior court affirming the defendant Board's decision is reversed, and the cause remanded to the superior court for further remand to the City of Asheville Board of Adjustment for further proceedings consistent with this opinion.

Reversed and remanded.

Judges GREENE and LEWIS concur.