TAKEY CRIST, Plaintiff v. CITY OF JACKSONVILLE, Defendant

No. COA98-326

(17 November 1998)

**Zoning— findings—denial of variance**

A decision of the Jacksonville Board of Adjustment was reversed and remanded where the Board did not make findings of fact when denying plaintiff a variance from a side setback requirement. Findings of fact are an important safeguard against arbitrary and capricious action by the Board of Adjustment because they establish a sufficient record upon which the Board's decision can be reviewed.

Appeal by plaintiff from order entered 10 October 1997 by Judge James D. Llewellyn in Onslow County Superior Court. Heard in the Court of Appeals 27 October 1998.

*Jeffrey S. Miller for plaintiff appellant.*

*Warlick, Milsted, Dotson & Carter, by Marshall F. Dotson, Jr., for defendant appellee.*

HORTON, Judge.

Plaintiff owns and lives on property located in the City of Jacksonville, North Carolina. Plaintiff's property is located within the Residential-7 zone of Jacksonville and is therefore subject to various restrictions including mandatory setback lines for "accessory buildings." In May of 1994, plaintiff commissioned several craftsmen to create a replica of the Church of Saint Irene (the replica) near the eastern boundary of his property. The replica is situated within five feet of the boundary line of plaintiff's property. The replica does not contain plumbing or electricity.

On 2 June 1994, a written Stop Work Order was issued by Bill McElwee (McElwee), administrator of the Building/Fire Inspection Division of the City of Jacksonville. In March of 1995, plaintiff received a letter from McElwee which stated that plaintiff had violated the "side setback" requirements of section 25-8(A)3(a) of Jacksonville's zoning ordinances. The ordinance states that "no accessory building shall be built or placed within five (5) feet of the rear or side property line." The letter further informed plaintiff that

CRIST v. CITY OF JACKSONVILLE

[131 N.C. App. 404 (1998)]

he could "apply to the Board of Adjustment for a variance to move the structure to a legal location on [his] lot . . . ."

Plaintiff applied to the Board of Adjustment for a variance and a hearing was held on the request. The Board of Adjustment voted to deny the variance but made no findings of fact upon which the denial of the variance was based. Plaintiff appealed the Board of Adjustment's decision through a writ of certiorari to the trial court which affirmed the Board of Adjustment's decision. The dispositive issue before this Court is whether the trial court erred in affirming the Board of Adjustment's denial of plaintiff's request for a variance.

We initially note that, although plaintiff asked the trial court for a declaratory judgment stating that the location of the replica was not in violation of the zoning ordinance, the trial court's order only reviewed the denial of the variance request by the Board of Adjustment. The issue of whether the replica is an "accessory building" within the meaning of the zoning ordinance, therefore, is not properly before this Court at this time because it was not addressed in the trial court.

> Judicial review of the decision of the Board of Adjustment is limited to: (1) reviewing the record for errors in law; (2) insuring procedures specified in both statute and ordinance are followed; (3) insuring appropriate due process rights of a petitioner are protected, including the right to offer evidence, to cross-examine witnesses, and to inspect documents; (4) insuring decisions of the town board are supported by competent, material and substantial evidence in the whole record; and (5) insuring the decisions are not arbitrary and capricious.

*Shoney's v. Bd. of Adjustment for City of Asheville,* 119 N.C. App. 420, 421, 458 S.E.2d 510, 511 (1995). The reviewing court does not make findings of fact, but instead, determines whether the Board of Adjustment made sufficient findings of fact which are supported by the evidence before it. *Id.* Findings of fact are an important safeguard against arbitrary and capricious action by the Board of Adjustment because they establish a sufficient record upon which this Court can review the Board's decision. *Rentals, Inc. v. City of Burlington,* 27 N.C. App. 361, 365, 219 S.E.2d 223, 226-27 (1975).

In this case, there are no findings of fact made by the Board of Adjustment in the record for us to review. The minutes of the hearing merely state that "[a]fter some discussion from the board, . . . [a

motion was entertained for] the board to grant or deny the variance request. Jim Autry made a motion to deny the variance and Rev. Batts seconded the motion." There is no showing of how the Board of Adjustment arrived at its decision and therefore nothing to protect plaintiff from an arbitrary decision.

Although the City of Jacksonville argues that neither N.C. Gen. Stat. § 160A-388 (1994) (the enabling statute for Boards of Adjustment), nor section 25-33 of the Jacksonville City Code (which established the Board of Adjustment), requires findings of fact in denying a variance, a judicial decision of this Court may require findings of fact. *Shoney's*, 119 N.C. App. at 423, 458 S.E.2d at 512. We therefore remand this case to the trial court to further remand it to the Board of Adjustment to make findings of fact to support their decision.

Reversed and remanded.

Judges GREENE and LEWIS concur.