THROUGH THE LOOKING GLASS, INC. v. ZONING BD. OF ADJUST.

[136 N.C. App. 212 (1999)]

nation, having due regard both to international duty and convenience, and to the right of its own citizens." *Id.* at 161-62, 258 S.E.2d at 424. So long as the foreign court has jurisdiction over the cause and the parties, our courts may choose to enforce a foreign order. *Id.* at 162, 258 S.E.2d at 424. We have already held that the German court obtained jurisdiction over the defendant. Defendant has made no showing of any fundamental unfairness or a violation of his rights to Due Process. Therefore, the trial court was within its power to enforce the German court's order under the principle of comity. Accordingly, we affirm the trial court.

Affirmed.

Judges JOHN and HUNTER concur.

———————————————

THROUGH THE LOOKING GLASS, INC., PETITIONER-APPELLANT v. THE ZONING BOARD OF ADJUSTMENT FOR THE CITY OF CHARLOTTE, NORTH CAROLINA, RESPONDENT-APPELLEE

No. COA99-69

(Filed 21 December 1999)

### Zoning— variance—similar situations

A trial court decision affirming the Board of Adjustment's denial of variances was reversed and remanded where, despite the similarities between defendant's lot and requested variance and a neighboring lot which received a similar variance, the Board denied petitioner's request without setting forth sufficient findings and conclusions for the appellate court to adequately determine whether the decision was supported by competent, material, and substantial evidence or whether it was arbitrary and capricious.

Appeal by petitioner from judgment entered 14 October 1998 and filed 16 October 1998 by Judge John M. Gardner in Mecklenburg County Superior Court. Heard in the Court of Appeals 19 October 1999.

**THROUGH THE LOOKING GLASS, INC. v. ZONING BD. OF ADJUST.**

[136 N.C. App. 212 (1999)]

*Perry, Patrick, Farmer & Michaux, P.A., by Roy H. Michaux, Jr., for petitioner-appellant.*

*City of Charlotte, Office of the City Attorney, by Assistant City Attorneys David M. Smith and Robert E. Hagemann, for respondent-appellee.*

WALKER, Judge.

Petitioner requested that the Board of Adjustment (Board) for the City of Charlotte grant it variances. At its meeting on 24 February 1998, the Board denied the following two variances: (1) elimination of the 10 foot Class C buffer requirement for the adjoining residence which was zoned residential to allow the driveway to remain in place, and (2) elimination of a 5 foot setback for the driveway. Petitioner then appealed through a *writ of certiorari* to the superior court, which determined that respondent's decision was supported by material, competent, and substantial evidence based upon the whole record and affirmed the decision.

Petitioner's evidence before the Board tended to establish the following: In November 1997, petitioner purchased the fifty foot lot (Lot) at 1818 Lombardy Circle, which consists of less than one-half of an acre. At that time, the Lot was zoned O-2 for office use and the previous owner had used it as both a residence and a floral shop. Petitioner planned to use the Lot as an office for its antique business, which would organize antique buying trips for individuals and dealers who wanted to purchase antiques overseas. In transacting its business, petitioner would not deliver, store, or show goods at its office. Petitioner would use the office only to arrange the buying trips and to conduct the accounting functions associated with these trips. Additionally, while petitioner has three employees who work in the office, it also has an adequate number of parking spaces at the rear of the Lot for more vehicles than required by the zoning ordinance (Ordinance).

When petitioner acquired the Lot, the three other lots at the northwest end of Lombardy Circle, which are also located in the O-2 zone, were used as a Wildlife Federation office building, a parking lot, and a multiple-tenant office building. After purchasing the lot, petitioner learned that the prior owner had failed to secure the necessary permits to operate the floral shop on the Lot and that the property could not be used as an office without meeting certain buffer requirements which are imposed on property zoned O-2 and

which abuts a residential zone. Petitioner alleges that it did not know or have reason to know when it acquired the Lot that either the current or purposed use of the Lot was in violation of the Ordinance. Thus, petitioner filed an application requesting variances from the Ordinance.

The applicable provisions of the Ordinance for lots in an O-2 zone are set forth as follows: Code Tables 12.302 (a) and (b) require a parcel less than one-half acre developed as an office use to provide a 10 foot Class C buffer where the parcel abuts a single family use or zoning district. Code Section 12.206(3) provides that no off-street parking or driveways are permitted within 5 feet of any exterior lot line. Code Section 9.705(1)(f) requires a minimum 5 foot side yard for non-residential development.

The standards for granting a variance are set forth in § 5.108 of the Ordinance which provides:

(1) Before granting a variance, the Board . . . shall find: (a) That practical difficulties or unnecessary hardship would result from the strict application of these regulations; and (b) That the spirit of these regulations should be observed by taking into consideration the general intent of these regulations . . ., and (c) That the public safety and welfare have been protected and substantial justice done.

. . .

(3) Only the following three conditions shall constitute a practical difficulty or unnecessary hardship and all three must be met: (a) The difficulty or hardship would result only from these regulations and from no other cause, including the actions of the owner or previous owners of the property; and (b) The difficulty or hardship is peculiar to the property in question and is not generally shared by other properties in the same neighborhood and/or used for the same purposes; and (c) The difficulty or hardship resulting from the application of these regulations would prevent the owner from securing a reasonable return or making a reasonable use of the property. . . .

Petitioner alleges that the variances sought by it were essentially identical to those sought in February 1997 by the property owner of the lot which is directly across the street (lot 22). Lot 22 had been granted five variances by the Board:

1) a 10 foot variance in the required 10 foot wide Class "C" buffer adjacent to Tax Parcel Number 151-023-23 (eliminate buffer) to allow the existing driveway to remain;

2) a 5 foot variance in the required 5 foot separation from any lot line to allow the same driveway in the side yard;

3) a 10 foot variance in the required 10 foot wide Class "C" buffer adjacent to Tax Parcel Number 151-023-14 (eliminate buffer) to allow parking in the rear yard;

4) a 5 foot variance in the required 5 foot side yard adjacent to Tax Parcel Number 151-023-23 (eliminate required side yard) to allow an existing carport to remain; and

5) a .7 foot variance in the required side yard adjacent to Tax Parcel Number 151-023-21 (O-2 zoning) to allow an existing screen porch to remain, **with the condition that a 6 foot wooden fence be erected along the rear property line with the planting of two (2) trees and that the existing wooden fence is maintained as currently erected. . . .**

The Board, however, denied petitioner's request for two variances, and its findings included the following:

19. The Applicant submitted a Board decision letter of February 25, 1997, pertaining to lot 22 across the street from the Applicant's property, where the Board granted in part a variance from the 10 foot buffer and 5 foot driveway separation.

20. The Board cannot adequately assess the Board's lot 22 decision based upon the submitted material. Each decision rests upon the particular facts in the case. The lot 22 case reveals, for example, that an existing wooden fence had to be maintained between the driveway and the abutting property.

Based on these findings, the Board concluded:

In respect to Code Section 5.108 "Standards for Granting a Variance:"

1. The hardship is not the result of the Zoning Ordinance but that the Applicant's lot has difficulty accommodating a 10 foot buffer on one side and a 5 foot driveway separation from residentially zoned property.

2. The spirit of the Zoning Ordinance would not be observed if a 10 foot buffer requirement on one side and a 5 foot driveway separation were both completely eliminated to allow an office use to abut a single-family residentially zoned district, and, therefore, the Board would be in effect amending the Zoning Ordinance.

3. The purpose of the buffer and separation requirements is to protect the welfare of the Lombardy Circle neighborhood and, therefore, the elimination entirely of both requirements to allow an office use in a residential structure would not achieve substantial justice.

Judicial review of the decision of the Board of Adjustment is limited to: (1) reviewing the record for errors in law; (2) insuring procedures specified in both the statute and ordinance are followed; (3) insuring appropriate due process rights of a petitioner are protected, including the right to offer evidence, to cross-examine witnesses, and to inspect documents; (4) insuring decisions of the town board are supported by competent, material and substantial evidence in the whole record; and (5) insuring the decisions are not arbitrary and capricious. *Crist v. City of Jacksonville*, 131 N.C. App. 404, 507 S.E.2d 899 (1998). On appeal from a decision of the Board of Adjustment, the reviewing court must determine whether the Board made sufficient findings of fact which are supported by the evidence before it. *Id.* Findings of fact are an important safeguard against arbitrary and capricious action by the Board because they establish a sufficient record upon which this Court can review the Board's decision. *Id.* Thus, the Board must set forth the basic facts on which it relied with sufficient specificity to inform the parties, as well as the court, what induced its decision and may not rely on findings which are merely conclusory in form. *Shoney's v. Bd. of Adjustment For City of Asheville*, 119 N.C. App. 420, 458 S.E.2d 510 (1995).

Here, the Board's findings referenced its prior decision regarding lot 22, but only to the extent that it could not "assess the Board's lot 22 decision based upon the submitted material." Apparently the Board did not render a decision with findings and conclusions in granting the variances for lot 22. The record only contains a letter from the zoning administrator to the applicant for lot 22 advising that the Board granted the requested variances on 25 February 1997. However, the record on appeal contains information which reveals that lot 22 is essentially identical to petitioner's lot. Both lots are approximately the same size, zoned O-2 for office use, and adjoin the

THROUGH THE LOOKING GLASS, INC. v. ZONING BD. OF ADJUST.

[136 N.C. App. 212 (1999)]

same residential district. The two variances sought by petitioner here are also essentially identical to two of those which were granted for lot 22 in that both properties sought variances to eliminate the 10 foot buffer and the 5 foot separation requirement.

We recognize that the Board of Adjustment is not required to grant a petitioner a variance merely because it granted another petitioner a variance for the same type of property in the same district. *See* PHILIP P. GREEN, JR., FUNCTIONS OF THE ZONING BOARD OF ADJUSTMENT IN NORTH CAROLINA, 1974, at 4 (Institute of Government, The University of North Carolina at Chapel Hill); *Harden v. Raleigh*, 192 N.C. 395, 135 S.E. 151 (1926). Instead, the Board should closely examine the facts in each case to determine whether the variance should be granted under the standards of the ordinance. GREEN, *supra*, at 4. Where the fact situations are exactly the same in two cases, the decisions should, of course, be the same. *Id.* Where the facts differ, each case must be examined independently to determine whether its facts bring it within the principles of the ordinance. *Id.* The Board's interpretation of the meaning of these principles should remain uniform, but not its decisions where different fact situations are involved. *Id.*

The only reason assigned by the Board that lot 22 is distinguishable from petitioner's lot is that the existing fence had to be maintained on lot 22. Petitioner argues, however, that its lot likewise contains a fence which it is willing to maintain. Furthermore, the Board in its findings and conclusions failed to address § 5.108(3) of the Ordinance when it concluded that the hardship here did not result from the Ordinance but from the fact that petitioner's lot has difficulty accommodating a 10 foot buffer on one side and a 5 foot driveway separation from residentially zoned property. Despite the similarities in the two lots and in the variances requested for both of these lots, the Board denied petitioner's request for the two variances without setting forth sufficient findings and conclusions for this Court to adequately determine whether its decision was supported by competent, material, and substantial evidence or whether its decision was arbitrary and capricious.

Therefore, the order of the superior court affirming the Board's decision is reversed, and the cause is remanded to the superior court for remand to the Board for further proceedings consistent with this opinion.

Reversed and remanded.

Judges GREENE and HUNTER concur.