JOHN W. SHERRILL AND JOSEPH T. WALSH v. TOWN OF WRIGHTSVILLE BEACH, NORTH CAROLINA, BOARD OF ALDERMEN OF THE TOWN OF WRIGHTSVILLE BEACH, NORTH CAROLINA; EUGENE N. FLOYD, IN-DIVIDUALLY AND AS MAYOR; CORNIELLE SINEATH, INDIVIDUALLY AND AS ALDERMAN, FRANCES L. RUSS, INDIVIDUALLY AND AS ALDERMAN, CARLTON B. HALL, AS ALDERMAN, AND JAMES W. SUMMEY, III, INDIVIDUALLY AND AS ALDERMAN; JOHN T. NESBITT, TOWN BUILDING INSPECTOR

No. 855SC422

(Filed 17 September 1985)

1. **Municipal Corporations § 30.6— zoning—denial of variance—no error**

   The board of aldermen, sitting as a board of adjustment, did not have legal authority under G.S. 160A-338(d) to grant petitioners' requested variance from an R-1 zoning classification to allow duplexes on petitioners' lots. A board of adjustment has a quasi-judicial power to vary or modify zoning regulations only so long as the spirit of the ordinance continues to be observed; construction of a duplex would violate the spirit as well as the letter of the R-1 zoning classification. G.S. 160A-338(d).

2. **Municipal Corporations § 31.2— constitutionality of zoning ordinance—not properly raised**

   The issue of whether a zoning ordinance was unconstitutional was not properly before the Court of Appeals because the board of aldermen, sitting in their quasi-judicial capacity as the board of adjustment, only had the authority to grant or deny a variance under the ordinance; the superior court, and hence the Court of Appeals through derivative appellate jurisdiction, had the statutory power to review only the issue of whether the variance was properly denied; the constitutionality of the zoning ordinance was a separate issue not properly a part of these proceedings since the denial of the variance request never addressed the validity of the zoning ordinance; and the superior court sat in the posture of an appellate court and was not in a position to address constitutional issues that were not before the board.

APPEAL by petitioners from *Reid, Judge*. Orders entered 6 December 1984 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 15 August 1985.

Petitioners own lots located inside the boundaries of respondent Town of Wrightsville Beach. The lots and surrounding area are zoned R-1, which is primarily for single family residences and which prohibits duplexes. The town building inspector denied petitioners' applications to build duplexes on the lots. The Wrightsville Beach board of aldermen refused petitioners' rezoning request that would have allowed duplexes in R-1 areas. The board of aldermen, sitting as the board of adjustment, then denied petitioners' request for a variance. Petitioners then petitioned superior court for writs of certiorari to review respondent's decisions denying their variance requests. After making findings of fact and conclusions of law, the court dismissed the petitions. Petitioners appealed.

*Allen and MacDonald, by James A. MacDonald, and John W. Sherrill, pro se, for petitioner appellants.*

*Martin, Wessell & Raney, by John C. Wessell, III, for respondent appellee.*

WEBB, Judge.

[1] In their first two issues presented on appeal the petitioners argue that (1) the superior court should have remanded the case back to the board of adjustment for findings of fact with regard to the denial of the variance request, and (2) the superior court should have compelled respondent to grant the requested variances. We disagree. G.S. 160A-388(d) provides:

> (d) When practical difficulties or unnecessary hardships would result from carrying out the strict letter of a zoning ordinance, the board of adjustment shall have the power, in passing upon appeals, to vary or modify any of the regulations or provisions of the ordinance relating to the use, construction or alteration of buildings or structures or the use of land, so that the spirit of the ordinance shall be observed, public safety and welfare secured, and substantial justice done.

A board of adjustment has a quasi-judicial power under this statute to vary or modify zoning regulations only so long as the spirit of the ordinance continues to be observed. *Lee v. Board of Adjustment,* 226 N.C. 107, 37 S.E. 2d 128 (1946). A nonconforming building or use that conflicts with the general purpose or spirit of the zoning ordinance can only be authorized by the board of aldermen acting in their legislative capacity to rezone, not under the guise of a variance permit. *Id.* In *Lee* the North Carolina Supreme Court held that a board of adjustment had no authority under former G.S. 160-172 and 160-178 (the predecessors of G.S. 160A-388) to issue a variance allowing a grocery store-service station to be constructed in a residential area. The Court reasoned that such a substantial departure from the zoning ordinance did violence to the spirit of the ordinance and therefore could be achieved only through rezoning.

The decision in *Lee* controls the present case. Petitioners attempt to distinguish *Lee* on the grounds that it involved a commercial use in an area zoned for residential use, whereas the present case involves a nonconforming residential use in an area zoned for residential use. We nonetheless believe that construction of a duplex would violate the spirit as well as the letter of the R-1 zoning classification. The purpose of an R-1 designation is to limit density. The purpose and effect of a duplex is to increase density. Consequently, the requested variance is directly contrary to the zoning ordinance. In these circumstances the board of adjustment had no legal authority under G.S. 160A-388(d) to grant the requested variance, and thus there was no need for it to make findings on the merits of the request.

Petitioners also argue that they deserve a variance because surrounding lots contain duplexes. We cannot pass on what the petitioners deserve. The board of adjustment did not have the power to allow the petitioners to violate the ordinance on the facts of this case.

[2] Petitioner Sherrill maintains that the zoning ordinance is unconstitutional as applied to him. Although he cites no constitutional provisions and no North Carolina case law on this issue, it appears that he is arguing that (1) the R-1 designation is unconstitutional since more than half the area is devoted to nonconforming uses, and (2) the ordinance bears no relation to G.S. 160A-383 or any legitimate public purpose.

Harris-Teeter Supermarkets v. Hampton

These arguments are not properly before us. G.S. 160A-388(e) states in pertinent part: "Every decision of the board [of adjustment] shall be subject to review by the superior court by proceedings in the nature of certiorari." The board of aldermen, sitting in their quasi-judicial capacity as the board of adjustment in this case, only had the authority to grant or deny a variance under the zoning ordinance. G.S. 160A-388(d); *Lee, supra.* The Board's decision was to deny the variance. Under G.S. 160A-388(e) the superior court, and hence this Court through our derivative appellate jurisdiction, had the statutory power to review only the issue of whether the variance was properly denied. The constitutionality of the zoning ordinance is a separate issue not properly a part of these proceedings since the denial of the variance request never addressed the validity of the zoning ordinance. Furthermore, the superior court sat in the posture of an appellate court, *see Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 265 S.E. 2d 379, *rehearing denied*, 300 N.C. 562, 270 S.E. 2d 106 (1980), so it was not in a position to address constitutional issues that were not before the board.

The orders of the superior court are

Affirmed.

Chief Judge HEDRICK and Judge WELLS concur.