APPALACHIAN OUTDOOR ADVERTISING CO., INC., Petitioner-Appellant v. TOWN OF BOONE BOARD OF ADJUSTMENT, Respondent-Appellee

No. COA97-83

(Filed 16 December 1997)

## Zoning § 49 (NCI4th)— nonconforming billboard—damaged but not destroyed—repairs allowed

The evidence did not support a town board of adjustment's decision that a billboard was destroyed in a storm and as a nonconforming use could not be reconstructed under the town's zoning ordinance; rather, the evidence showed that the billboard was merely damaged and in need of repairs as permitted by the zoning ordinance where the face of the billboard, although bent, was completely intact; only two of the three poles supporting the billboard were broken and replaced; the removable sign face was straightened and touched up with paint; and the cost of repairs was $255 while the tax value of the billboard was $2,607.

APPALACHIAN OUTDOOR ADVERTISING CO. v. TOWN OF BOONE BD. OF ADJUST.

[128 N.C. App. 137 (1997)]

Appeal by petitioner from order entered 16 August 1996 by Judge James L. Baker, Jr., in Watauga County Superior Court. Heard in the Court of Appeals 21 October 1997.

*Wilson & Waller, P.A., by Betty S. Waller, attorney for petitioner-appellant.*

*David R. Paletta, attorney for respondent-appellee.*

WYNN, Judge.

As a result of a storm occurring in January of 1995, a billboard owned by Appalachian Outdoor Advertising Co., Inc. and situated within the zoning jurisdiction of Boone, North Carolina was damaged, requiring Appalachian to replace two of the billboard's supporting poles. However, before Appalachian could finish its repair of the bill-board, the Town of Boone informed Appalachian that its billboard, as a non-conforming structure, was prohibited by the Town's zoning ordinance from being "reconstructed" within the Town of Boone. Because there was insufficient evidence before the Boone Board of Adjustment to support this conclusion, we reverse the trial court's order affirming the Board of Adjustment's decision.

The billboard in question is actually one of two billboards owned and maintained by Appalachian within the zoning jurisdiction of the Town of Boone. Together, the two billboards have a maximum display area of 600 square feet and have two side by side sign faces. The bill-boards are illuminated and there is one electric service meter for both of the sign faces. The entire billboard structure—that is, both bill-boards together—consists of six wooden support poles, two sign faces and lights. By themselves, however, each billboard consists of a total of three support poles, a removable sign face and lights.

On or about 14 January 1995, one of the two billboards owned by Appalachian was damaged in a storm, causing two of that billboard's three supporting poles to break and the sign face to become mangled after blowing off the remaining support pole. As a result of this damage, Appalachian replaced the two broken poles and removed the bent sign face so that it could be straightened out and retouched with paint. After touching up the sign face, Appalachian intended to place the sign face back on the billboard's structure, but was stopped before doing so by an order issued by the Town of Boone's Building Inspector. The total cost of the repairs necessitated by the storm was $255.00. The value of the billboard as assessed by the Watauga County tax collector was $2,607.00.

APPALACHIAN OUTDOOR ADVERTISING CO. v. TOWN OF BOONE BD. OF ADJUST.

[128 N.C. App. 137 (1997)]

On 19 January 1995, the Building Development Coordinator of the Town of Boone informed Appalachian that its billboard, as a non-conforming structure, was prohibited from being "reconstructed" within the Town of Boone by Section 25.3.2(b) of the Town's zoning ordinance which provides that:

> No building or structure devoted to a nonconforming use shall be enlarged, extended, reconstructed, moved, or structurally altered unless such building or structure is thereafter devoted to a conforming use.

In addition to the prohibitions contained in Section 25.3.2(b), the Town's zoning ordinance also allows for the repair of damaged non-conforming structures through Section 25.3.2(c). That section provides that:

> When a building or structure devoted to a nonconforming use is damaged to the extent of fifty percent (50%) or more of its current market value, such building, if restored, shall thereafter be devoted to conforming uses.

Appalachian appealed the Building Development Coordinator's decision to the Town of Boone Board of Adjustment, which held an evidentiary hearing on 6 April 1995. At the conclusion of the hearing, the Board of Adjustment affirmed the decision of the Building Coordinator that Appalachian's billboard would "not be permitted to be reconstructed" as set forth by Section 25.3.2(c) of the Town's zoning ordinance.

Thereafter, Appalachian filed in Watauga Superior Court a petition for certiorari review of the Board of Adjustment's decision. The court granted the request, heard Appalachian's case, and affirmed the decision of the Town of Boone Board of Adjustment. From the trial court's order, Appalachian brings this appeal.

---

On appeal, Appalachian contends that the trial court erred in upholding the Board of Adjustment's decision not to permit it to reconstruct its billboard. According to the Boone Board of Adjustment, because Appalachian's billboard "was destroyed during the storm and flooding on the weekend of January 14, 1995," and "the framework for [the billboard] had to be totally replaced," the work Appalachian performed on its billboard constituted a "reconstruction" of the billboard, thereby invoking the prohibition against the reconstruction of non-conforming uses contained in section 25.3.2(b)

140          IN THE COURT OF APPEALS

APPALACHIAN OUTDOOR ADVERTISING CO. v. TOWN OF BOONE BD. OF ADJUST.

[128 N.C. App. 137 (1997)]

of the Town's zoning ordinance. Appalachian argues, however, that the Board of Adjustment's conclusion was not supported by competent, material, and substantial evidence, and that the weight of the evidence before the Board supported the conclusion that the billboard was "repaired" as allowed under Section 25.3.2(c) of the Town's zoning ordinance, not "reconstructed" as prohibited by Section 25.3.2(b). With this argument, we agree.

When a superior court reviews the decision of a Board of Adjustment, the court sits as an appellate court. *Batch v. Town of Chapel Hill*, 326 N.C. 1, 387 S.E.2d 665 (1990). Although the Administrative Procedures Act (APA) does not provide judicial review for cities and other local units of government, a similar standard of review is employed to review the zoning decisions of town boards. *CG & T Corp. v. Bd. of Adjustment of Wilmington*, 105 N.C. App. 32, 36, 411 S.E.2d 655, 658 (1992) (citing *Jennewein v. City Council*, 62 N.C. App. 89, 302 S.E.2d 7, *disc. review denied*, 309 N.C. 461, 307 S.E.2d 365 (1983)). In reviewing such decisions, our Supreme Court has held that the Superior Court should determine the following:

> (1) whether the Board committed any errors in law; (2) whether the Board followed the procedures specified by law in both statute and ordinance; (3) whether the appropriate due process rights of the petitioner were protected, including the rights to offer evidence, cross-examine witnesses, and inspect documents; (4) whether the Board's decision was supported by competent, material and substantial evidence in the whole record; and (5) whether the Board's decision was arbitrary and capricious.

*Coastal Ready-Mix v. Board of Com'rs*, 299 N.C. 620, 626, 265 S.E.2d 379, 383, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 106 (1980).

When the specific issue raised on appeal to this court is whether a Board's decision was supported by competent, material and substantial evidence, our Supreme Court has further held that this court is to inspect all of the competent evidence which comprises the "whole record" so as to determine whether there was indeed substantial evidence to support the Board's decision. *Id.* Substantial evidence is that which a reasonable mind would regard as sufficiently supporting a specific result. *Walker v. North Carolina Dept. of Human Resources*, 100 N.C. App. 498, 503, 397 S.E.2d 350, 354 (1990), *disc. review denied*, 328 N.C. 98, 402 S.E.2d 430 (1991).

APPALACHIAN OUTDOOR ADVERTISING CO. v. TOWN OF BOONE BD. OF ADJUST.

[128 N.C. App. 137 (1997)]

Furthermore, if in applying the "whole record" test, reasonable but conflicted views emerge from the evidence, this court cannot substitute its judgment for the administrative body's decision. *General Motors Corp. v. Kinlaw*, 78 N.C. App. 521, 523, 338 S.E.2d 114, 117 (1985). Ultimately, we must decide whether the decision "has a rational basis in the evidence." *Id.*

In the subject case, our review of the whole record must begin by determining the meanings of the terms "reconstruct" and "repair." As neither term is defined by the Town of Boone's zoning ordinance, that determination must be based upon each terms' normal meaning. *See CG&T*, 105 N.C. App. at 394, 411 S.E.2d at 659 (stating that "unless a term is modified or defined specifically within the ordinance in which it is referenced, then the term should be assigned its normal meaning"). The American Heritage Dictionary defines the term reconstruct as meaning "to construct again." According to Webster's Ninth New Collegiate Dictionary, to "construct" means to "make or form by combining or arranging parts or elements." Implicit in that definition is the concept of beginning with nothing or starting from the beginning. In contrast, the dictionary meaning of the term "repair" is "to restore to sound condition after damage or injury" or "to restore by replacing a part or putting together what is torn or broken." When considered together, the plain meanings of the terms "reconstruct" and "repair" demonstrate that when the original structure of an edifice is completely destroyed, it cannot at some later point in time be "repaired"; at most, it can be "reconstructed."

In light of the foregoing definitions, we find that the record in this case, when viewed in its entirety, does not support the Board of Adjustment's conclusion that the work performed on Appalachian's billboard constituted a "reconstruction" of a non-conforming use. Instead, our review of the pleadings, testimony of witnesses and other evidence as whole reveals that the billboard was "damaged," not "destroyed" during the storm and flooding of 14 January 1995.

First, the evidence before the Board showed that after the January 14 storm, the face of Appalachian's billboard, albeit bent, was completely intact and that only two of the three poles supporting the billboard were broken and replaced. All other components of the billboard's structure were either not damaged at all or were repaired and reusable. Based upon this evidence alone, the record indicates that petitioner's billboard was not completely "destroyed" so as to require its "reconstruction."

APPALACHIAN OUTDOOR ADVERTISING CO. v. TOWN OF BOONE BD. OF ADJUST.

[128 N.C. App. 137 (1997)]

Moreover, contrary to the assertions of the Boone Board of Adjustment in its brief, the record shows that the billboard was not dismantled by Appalachian and taken to the town of Lenoir for repair. To the contrary, the evidence of record tends to show that Appalachian took down the billboard's removable sign face—a process which was common for repairing sign faces—and then shipped it to Lenoir so that it could be straightened out and touched up with paint. At no time was the entire billboard dismantled and removed from its Boone site. Indeed, at every point in its restoration of the billboard, Appalachian had the original billboard structure, although damaged, from which to work. With the basic structure of the billboard still intact, it cannot be reasonably concluded that the billboard was in need of "reconstruction."

Second, the record shows that Appalachian's billboard was not being "reconstructed" because evidence before the Board concerning the amount and nature of the damage to the billboard, the nature and cost of repairs made to the billboard, and the value of the sign all establish conclusively that petitioner's billboard was repaired to less than 50% of its market value. Under Section 25.3.2(c) of the Town of Boone's zoning ordinance, to consider work performed on a structure as a "repair" of that structure, the cost of repairs cannot exceed 50% of the structure's market value. The record in this case reveals that the cost of the repairs petitioner made to the billboard was $255.00, while the conservative tax value alone of the billboard was $2,607.00. As such, we conclude that the weight of the evidence in this case shows that the work Appalachian performed on its billboard was done to "repair" the *damage* done to the billboard by the storm.

Accordingly, we hold that because the evidence on record clearly establishes that Appalachian's billboard was "damaged," not "destroyed," and that it was therefore in need of "repair," not "reconstruction," the Boone Board of Adjustment's decision to apply section 25.3.2(b)'s prohibition against the reconstruction of non-conforming uses to the facts of this case was not supported by competent, material and substantial evidence. For this reason, we further hold that the trial court erred as a matter of law in affirming the Board of Adjustment's decision to apply section 25.3.2(b) to this case.

Given the above holding, we need not discuss the other alternative assignments of error raised by Appalachian in this appeal. The judgment below is therefore,

Reversed.

Judges WALKER and SMITH concur.