SHOWCASE REALTY AND CONSTRUCTION COMPANY, Petitioner-Appellee v. CITY OF FAYETTEVILLE BOARD OF ADJUSTMENT and STEPHEN BURNHAM, Respondents-Appellants

No. COA02-314

(Filed 31 December 2002)

**1. Zoning— setback requirements—variance—findings unsupported by evidence**

A decision of a board of adjustment allowing a zoning variance as to the setback requirements for a mini-storage facility being constructed on respondent's property was unsupported by substantial evidence in the whole record where (1) the evidence was insufficient to support the board's finding that there was unnecessary hardship in enforcing the zoning ordinance against respondent because the only evidence of hardship was the cost of relocating concrete slabs, financial loss alone does not constitute unnecessary hardship, and there was no evidence that respondent could obtain no reasonable return or use from his property if he complied with the setback requirements, and (2) the evidence was insufficient to support the board's findings that a variance will not impair the adequate supply of light and air to adjacent property and that a variance will not impair established property values within the surrounding area.

**2. Zoning— variance—findings mirroring language of ordinance—sufficient**

A board of adjustment's findings in granting a zoning variance were not conclusory or insufficient in form or substance simply because they mirrored the language of the ordinance.

SHOWCASE REALTY & CONSTR. CO. v. CITY OF FAYETTEVILLE BD. OF ADJUST.

[155 N.C. App. 548 (2002)]

Appeal by petitioner from judgment entered 7 December 2001 by Judge James F. Ammons, Jr. in Superior Court, Cumberland County. Heard in the Court of Appeals 30 October 2002.

*McCoy, Weaver, Wiggins, Cleveland & Raper, P.L.L.C., by Richard M. Wiggins and James A. McLean, III, for petitioner-appellee.*

*Anderson, Johnson, Lawrence, Butler & Bock, L.L.P., by Steven C. Lawrence, for respondents-appellants.*

McGEE, Judge.

Stephen Burnham (Burnham) is the owner of a 1.79 acre tract of real property located at 148 Horseshoe Road in Fayetteville, North Carolina. Burnham obtained a special use permit to construct a mini-storage facility on his property. He submitted a site plan to the City of Fayetteville's Planning Department (Planning Department), which contained provisions for a front setback of 50 feet and a side setback of 30 feet, as required by City of Fayetteville's zoning ordinance. The site plan was approved and Burnham began construction.

The City of Fayetteville's Inspections Department (Inspections Department) conducted an on-site investigation and approved the pouring of concrete slabs for the construction. During the subsequent course of construction, the Inspections Department questioned the distance of the construction site from the road. Burnham received a letter from Mr. Combs of the Inspections Department requesting an "as built survey" to address the issue. Upon receipt of the letter, and before construction was completed, Burnham ceased construction on the building. The Inspections Department found that the construction only provided a front setback of 25 feet and a side setback of 29 feet.

Burnham applied to the Fayetteville Board of Adjustment (the Board) for a zoning variance as to the setbacks for the property on 4 November 2000. The Board held an initial hearing regarding Burnham's request on 11 December 2000. The Board heard testimony from Burnham, Mr. Combs, and the owner of the adjacent property, Showcase Realty and Construction Company (petitioner). The Board voted on 19 December 2000 to allow Burnham's requested variance.

Petitioner filed a petition for judicial review of the Board's decision on 2 February 2001, pursuant to N.C. Gen. Stat. § 160A-388. The Board filed an answer and moved to dismiss the petition on 5 April 2001; Burnham filed a response on 6 April 2001. The trial court

SHOWCASE REALTY & CONSTR. CO. v. CITY OF FAYETTEVILLE BD. OF ADJUST.

[155 N.C. App. 548 (2002)]

affirmed the Board's approval of the variance on 7 December 2001, determining that the Board's decision to grant the variance was not arbitrary and capricious and that the decision was supported by substantial evidence in the whole record. Petitioner appeals.

"On review of a superior court order regarding a board's decision, this Court examines the trial court's order for error of law by determining whether the superior court: (1) exercised the proper scope of review, and (2) correctly applied this scope of review." *Tucker v. Mecklenburg Cty. Zoning Bd. of Adjust.*, 148 N.C. App. 52, 55, 557 S.E.2d 631, 634 (2001); *see In re Appeal of Willis*, 129 N.C. App. 499, 501-02, 500 S.E.2d 723, 726 (1998). Our Supreme Court has held that the review of a decision of a municipal board by a superior court under N.C. Gen. Stat. § 160A-388(e) consists of:

(1) Reviewing the record for errors of law,

(2) Insuring that procedures specified by law in both statute and ordinance are followed,

(3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,

(4) Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and,

(5) Insuring that decisions are not arbitrary and capricious.

*Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 626, 265 S.E.2d 379, 383 (1980).

"It is not the function of the reviewing court . . . to find the facts but to determine whether the findings of fact made by the Board are supported by the evidence before the Board and whether the Board made sufficient findings of fact." *Rentals, Inc. v. City of Burlington*, 27 N.C. App. 361, 364, 219 S.E.2d 223, 226 (1975). If the petitioner argues the municipal body's decision was either unsupported by the evidence or arbitrary and capricious, the trial court must apply the "whole record" test. *Willis*, 129 N.C. App. at 501, 500 S.E.2d at 725. "[T]his Court is to inspect all of the competent evidence which comprises the 'whole record' so as to determine whether there was indeed substantial evidence to support the Board's decision." *Appalachian Outdoor Advertising Co. v. Town of Boone Bd. of Adjust.*, 128 N.C. App. 137, 140, 493 S.E.2d 789, 792 (1997), *disc. review denied*, 347

SHOWCASE REALTY & CONSTR. CO. v. CITY OF FAYETTEVILLE BD. OF ADJUST.

[155 N.C. App. 548 (2002)]

N.C. 572, 498 S.E.2d 375 (1998). "Substantial evidence is that which a reasonable mind would regard as adequately supporting a particular conclusion." *Walker v. N.C. Dept. of Human Resources*, 100 N.C. App. 498, 503, 397 S.E.2d 350, 354 (1990), *disc. review denied*, 328 N.C. 98, 402 S.E.2d 430 (1991).

If the petitioner argues the governmental body's decision was erroneous as a matter of law, the trial court must review the issue *de novo*. *Willis*, 129 N.C. App. at 501, 500 S.E.2d at 725. When the initial reviewing court should have conducted a *de novo* review, we will review that court's decision *de novo*. *See Amanini v. N.C. Dept. of Human Resources*, 114 N.C. App. 668, 675, 443 S.E.2d 114, 118 (1994). "*De novo* review requires a court to consider the question anew, as if not considered or decided by the agency or, as here, the local zoning board." *Tucker*, 148 N.C. App. at 55, 557 S.E.2d at 634.

[1] Petitioner argues that the trial court erred in upholding the zoning variance because the Board's decision was arbitrary and capricious and was unsupported by substantial evidence in the whole record. The trial court used the correct standard of review in examining the Board's decision by applying the whole record test. We now examine whether the trial court correctly applied this standard of review.

The record shows that the Board heard testimony from Burnham, Mr. Combs, and Mr. Etowski, petitioner's owner. Burnham testified that the Inspections Department told him the building was required to be 50 feet away from the road, not 50 feet from the right-of-way. The Inspections Department approved the pouring of the concrete slab. He also stated that he was not in the construction business and relied on the concrete company and the Inspections Department to locate the concrete slab within the required area. Burnham testified that he had no recourse with the concrete company and that he had expended all construction funds, thus preventing him from beginning new construction within the appropriate setbacks or moving the existing construction. He also indicated that he had owned the land for seven years but had been unable to make use of the land because of "incidences such as the one presented." Mr. Combs testified that there was road construction occurring at the time of the field measurements that could have resulted in the incorrect measurements. The construction would have made it difficult to ascertain where the shoulder of the road started. The current building met the appropriate setback requirements when measured from the road rather than

SHOWCASE REALTY & CONSTR. CO. v. CITY OF FAYETTEVILLE BD. OF ADJUST.

[155 N.C. App. 548 (2002)]

from the right-of-way, which was consistent with Burnham's testimony regarding the Inspections Department's instructions. Mr. Combs stated that he understood how such a mistake could be made under the circumstances.

Mr. Etowski testified that there were pins in the ground that demonstrated the location of the road, despite the ongoing construction, and that the concrete slab had been in place for over a year at the time of the hearing. He also testified as to the requirements that must be met before beginning commercial construction. Mr. Etowski stated that he would suffer a loss in property value and damage to his business if the variance were granted. Burnham's construction altered the surface of the land in a manner that will force water onto petitioner's property. Mr. Etowski also testified that Burnham's building would mask any proposed development or signs on petitioner's property.

The Fayetteville zoning ordinance provides for the granting of a variance "only when it can be shown that [][t]here are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the ordinance." The ordinance further requires the applicant for the variance to show that it could "secure no reasonable return from, or make no reasonable use of, his property." After reviewing the whole record, there is insufficient evidence in the record to find that there are "practical difficulties or unnecessary hardships" in enforcing the ordinance against Burnham. Burnham did state that he had been unable to make reasonable use of his land in the past because of similar incidences; however, this is a conclusory statement unaccompanied by evidence in the record. Burnham testified that he could move the building to comply with the ordinance, but such action would be a prohibitive financial burden. However, there is no evidence in the record demonstrating that Burnham could "secure no reasonable return, or make no reasonable use of, his property."

Our Supreme Court stated in *Lee v. Board of Adjustment*, 226 N.C. 107, 111, 37 S.E.2d 128, 132 (1946), that a "board cannot disregard the provisions of the statute or its regulations. It can merely 'vary' them to prevent injustice when the strict letter of the provisions would work 'unnecessary hardship.'" In granting a variance, the Board must make findings based on sufficient and competent evidence that comply with each of the requirements of the Code of City of Fayetteville § 32-71(2). The first term found in section 32-71(2) requires that the applicant suffer "practical difficulties or unnecessary hardships" in carrying out the strict letter of the ordinance.

SHOWCASE REALTY & CONSTR. CO. v. CITY OF FAYETTEVILLE BD. OF ADJUST.

[155 N.C. App. 548 (2002)]

§ 32-71(a). While the Board found that there were "practical difficulties and unnecessary hardships in the way of carrying out the strict letter of the ordinance," there is insufficient evidence in the record to support this conclusion.

In *Williams v. N.C. Dep't of Env't & Natural Res.*, 144 N.C. App. 479, 548 S.E.2d 793 (2001), our Court recently held that a state administrative agency failed to find facts that addressed the issue of whether the appellee had been denied reasonable use of his land. In reaching our decision, we adopted language from the Maryland Court of Appeals stating that an unnecessary hardship occurs where the " 'restriction when applied to the property in the setting of its environment is so unreasonable as to constitute an arbitrary and capricious interference with the basic right of private ownership.' " *Id.* at 486, 548 S.E.2d at 798 (quoting *Belvoir Farms Homeowners Assoc., Inc. v. John C. North, II*, 734 A.2d 227, 237 (Md. 1999)). We also noted that the Virginia Supreme Court has held that financial loss alone is insufficient to constitute an exceptional hardship to justify a zoning variance. *Id.* (citing *Natrella v. Board of Zoning Appeals of Arlington County*, 345 S.E.2d 295, 300 (Va. 1986)). In reviewing whether the applicant for a variance "suffers from unnecessary hardship due to strict application of" an ordinance, we apply the reasoning in *Williams* that the board must make findings of fact and conclusions of law as to the "impact of the [ordinance] on the landowner's ability to make reasonable use of his property." *Id.* at 487, 548 S.E.2d at 798.

As in *Williams*, to determine whether Burnham suffered unnecessary hardship due to strict application of the ordinance, "the [Board] must make findings of fact and conclusions of law as to the impact of the [ordinance] on [Burnham's] ability to make reasonable use of his property." *Id.* The Board failed to make findings about Burnham's "reasonable return from" or "reasonable use of" his property as required by the Fayetteville ordinance. There is also no evidence in the record that would support a finding that Burnham could obtain no reasonable return or use from his property if he complied with the setback requirements of the ordinance. The only evidence in the record demonstrating a possible unnecessary hardship to Burnham of denial of the variance was the financial cost to Burnham of relocating the concrete slabs for the construction. However, financial hardship alone is insufficient to constitute an "unnecessary hardship" to satisfy the requirement of the ordinance. The record fails to demonstrate any additional reason to support a finding of "unneces-

SHOWCASE REALTY & CONSTR. CO. v. CITY OF FAYETTEVILLE BD. OF ADJUST.

[155 N.C. App. 548 (2002)]

sary hardship." Thus, there is insufficient evidence to support the Board's finding of fact on this issue. Since there was no "unnecessary hardship" to Burnham in strict enforcement of the ordinance, section 32-71(2)(a) was not met and a variance should not have been granted.

Additionally, the record lacks sufficient evidence to support the Board's findings as required by the ordinance that the "variance will not impair any adequate supply of light and air to adjacent property" and the "variance will not impair established property values within the surrounding area." Mr. Etowski testified to the negative implications to petitioner's property value and business from the variance. However, there was no testimony or evidence that the variance would not impair the light and air supply of the adjacent property or impair property values. The ordinance requires a specific finding on these issues and an assumption without evidence is insufficient to satisfy these requirements. While the Board stated that established property values in the surrounding area would not be impaired since the building should be deemed an improvement, there is no evidence to support this finding. The Board did not consider evidence of existing property values or projections of what effect the zoning variance would have on adjoining property values. There is no evidence in the record that would allow the Board to objectively measure the impact. The record lacks substantial evidence to support the Board's findings of fact on these issues.

**[2]** Petitioner also contends the Board's findings of fact were conclusory statements that violated the standards established by statute and local ordinance. Petitioner cites *Shoney's v. Bd. of Adjustment for City of Asheville*, 119 N.C. App. 420, 458 S.E.2d 510 (1995), in support of its argument. In *Shoney's*, this Court found that the Board of Adjustment's conclusions were simply a "preprinted form couched in the language of the relevant section of the City's zoning ordinance." *Id.* at 423, 458 S.E.2d at 512. The only written finding by the Board in *Shoney's* was that "[p]etitioner did not satisfy requirements set forth in [the] opening statement." *Id.* at 422, 458 S.E.2d at 512. The remainder of the findings consisted of circling words on a preprinted form to justify the decision of the Board. *Id.* at 422-23, 458 S.E.2d at 512. These findings were insufficient to determine if the Board's decision was based upon sufficient evidence. *Id.* at 424, 458 S.E.2d at 512-13.

In the present case, the Board made findings of fact on its own accord and did not rely on a preprinted form as in *Shoney's*. The findings of fact made by the Board were not conclusory or insufficient in

form or substance simply because the language mirrored that of the ordinance. However, the record demonstrates a lack of sufficient evidence to support three of the Board's findings of fact, upon which its conclusion of law and its decision are based. For this reason, the Board erred in granting Burnham's variance.

The order of the trial court affirming the Board's decision to grant a variance is reversed.

Reversed.

Judges HUDSON and BIGGS concur.