321 NEWS & VIDEO, INC., Petitioner v. THE ZONING BOARD OF ADJUSTMENT FOR THE CITY OF GASTONIA and THE CITY OF GASTONIA, NORTH CAROLINA, Respondents

No. COA04-1521

(Filed 18 October 2005)

**1. Zoning— adult bookstore—variance**

The trial court did not err by affirming the Board of Adjustment's denial of a zoning variance to an adult bookstore because the store was too close to a residential area and a public park. Although petitioner contended that the trial court should have considered evidence of the lack of secondary effects from the bookstore, the ordinance conditions the variance on whether specified buffers are present to protect against secondary effects rather than considering whether those effects were in fact present.

**2. Zoning— variance—constitutionality of ordinance—not considered**

Neither the Board of Adjustment, the superior court, nor the Court of Appeals could consider the constitutionality of a zoning ordinance when deciding whether to grant a variance. The Board had only the authority to grant or deny the variance, and the superior court and Court of Appeals had only the authority to consider whether the variance was properly granted or denied. This is so even if the constitutional argument appears under some other label.

Appeal by petitioner from judgment entered 27 April 2004 by Judge Yvonne Mims Evans in Gaston County Superior Court. Heard in the Court of Appeals 9 June 2005.

*Joseph L. Ledford for petitioner-appellant.*

*Office of the Gastonia City Attorney, by Assistant City Attorneys Melissa A. Magee and L. Ashley Smith, for respondent-appellee.*

STEELMAN, Judge.

Petitioner, 321 News & Video, Inc., operates an adult bookstore located in Gastonia, North Carolina. On 19 July 1994, respondent, the City of Gastonia (City), adopted an adult establishment zoning ordinance, Section 17-92(61)(d), which imposed a 500-foot separation

requirement between adult establishments and certain enumerated uses. These uses included: schools, public parks, playgrounds, libraries, daycare centers, churches or houses of worship, or any residential zoning district. The ordinance also included an eight-year amortization period for non-conforming adult establishments to either comply with the ordinance or cease operation. Pursuant to N.C. Gen. Stat. § 160A-388 and the provisions of the City's zoning ordinance, the Zoning Board of Adjustment (Board) was given authority to grant a variance from the separation requirements. The Board could grant a variance if it found that certain buffers were present that were likely to provide adequate means of protection from the secondary effects of an adult establishment. Gastonia Code Section 17-92(61)(k).

Petitioner has operated an adult bookstore at the same location in Gastonia since 1992. It was required to comply with the separation requirement by 2002, as it is located within 500 feet of a residential zone and a public park. On 14 March 2002, the City notified petitioner that its continued operation as an adult bookstore would be a violation of Section 17-92(61) and advised the bookstore that it was required to either comply with the zoning ordinance or cease operating within the Gastonia city limits. Petitioner filed a petition for a variance from the separation requirements of the zoning ordinance. The Board held a hearing on the matter and denied petitioner's request for a variance. Petitioner filed a petition for *writ of certiorari* to the Gaston County Superior Court seeking review of the Board's denial of its variance request. The trial court affirmed the Board's ruling. Petitioner appeals.

[1] In petitioner's sole assignment of error it contends the trial court erred in affirming the Board's denial of its request for a variance. We disagree.

Petitioner stipulated before the trial court that there was substantial, competent, and material evidence in the record to support the Board's findings of fact, as well as its decision to deny it a variance. Rather, petitioner's contention is that by not considering evidence of the lack of secondary effects associated with its adult establishment before denying its application for a variance, the Board's decision was arbitrary and capricious.

The Board's " 'findings of fact and decisions based thereon are final, subject to the right of the courts to review the record for errors in law and to give relief against its orders which are arbitrary, oppres-

sive or attended with manifest abuse of authority.' " *Mann Media, Inc. v. Randolph Cty. Planning Bd.*, 356 N.C. 1, 12, 565 S.E.2d 9, 17 (2002) (citations omitted). Since the Board operates as the fact finder, the superior court sits as a court of appellate review. *Id.* As such, the trial court does not review the sufficiency of evidence presented to it, but rather reviews that evidence presented to the Board. *Id.*

The applicable standard of review when the trial court sits in the posture of an appellate court depends on the type of error assigned. *Id.* at 13, 565 S.E.2d at 17. The trial court conducts *de novo* review when considering allegations that the board's decision was affected by error of law. *Id.* If the petitioner asserts the board's decision is not supported by the evidence or is arbitrary and capricious, the trial court must apply the whole record test. *Id.* Under the whole record test, the trial court examines the entire record to determine whether it contains substantial evidence to support the agency's decision. *Id.* at 14, 565 S.E.2d at 17. In doing so, the trial court may not weigh the evidence presented to the agency or substitute its own judgment for that of the agency. *Id.* at 14, 565 S.E.2d at 17-18. Finally, the trial court "must set forth sufficient information in its order to reveal the scope of review utilized and the application of that review." *Id.* at 13, 565 S.E.2d at 17.

When this Court reviews the trial court's order concerning a board's decision, we examine the order to: (1) determine whether the trial court exercised the appropriate standard of review and, if so, (2) decide whether the court did so properly. *Id.* at 14, 565 S.E.2d at 18.

Here, the trial court's order states it applied the whole record test. This is the appropriate standard of review since petitioner contends the Board's denial of a variance was arbitrary and capricious in light of its failure to consider evidence of the absence of secondary effects associated with its adult establishment despite the lack of buffers. Petitioner concedes it is an adult establishment within the meaning of the ordinance and is subject to the separation requirement. Petitioner further concedes it is located within 500 feet of a residential zone and a public park, both protected uses enumerated in the zoning ordinance. Therefore, before the Board could grant a variance from the separation requirement it had to find there was a "freeway or Interstate-type highway, traffic circulation patterns, structures, or other natural or man-made geographic or topographic features . . . likely to provide an adequate means of protection for

the protected zoning or use from any secondary effects of the adult establishment." Gastonia Code Section 17-92(61)(k).

Petitioner challenges this limitation in the ordinance that conditions the issuance of a variance on whether certain specified buffers are present to protect against secondary effects, rather than considering whether the secondary effects were in fact present, regardless of whether the specified buffers were in place. It is clear from the record in this matter that the Board did allow petitioner to present evidence of the lack of actual secondary effects. However, in drafting its decision, the Board is not required to recite all of the evidence presented at the hearing. *Quick v. Quick*, 305 N.C. 446, 451, 290 S.E.2d 653, 657 (1982). It need only recite "those material and ultimate facts from which it can be determined whether the findings are supported by the evidence and whether they support the conclusions of law reached." *Id.* The test, as recited above, is whether the findings of fact are supported by the evidence, and whether those findings, in turn, support the conclusion of law. *Mann*, 356 N.C. at 13, 565 S.E.2d at 17. Here, petitioner so stipulated.

We hold that the trial court correctly determined that the Board properly denied the petitioner's request for a variance based upon the express terms and conditions set forth in the ordinance. The fact that petitioner does not agree with the City's decision to limit the criteria to be considered at a variance hearing does not render a decision by its Board of Adjustment arbitrary and capricious. This argument is without merit.

[2] Petitioner contends in the alternative that the zoning ordinance is unconstitutional as applied because the Board's failure to consider the evidence of the lack of secondary effects violates its First Amendment right to free speech and expression. Petitioner concedes the Board, as well as the superior court and this Court are precluded from considering the constitutionality of the applicable zoning ordinance when determining whether to grant a variance.

In *Sherrill v. Town of Wrightsville Beach*, this Court held the constitutionality of an ordinance was not properly before the board of adjustment or the reviewing courts stating:

> The board of aldermen, sitting in their quasi-judicial capacity as the board of adjustment in this case, only had the authority to grant or deny a variance under the zoning ordinance. G.S. 160A-388(d). The Board's decision was to deny the vari-

ance. Under G.S. 160A-388(e) the superior court, and hence this Court through our derivative appellate jurisdiction, had the statutory power to review only the issue of whether the variance was properly denied. The constitutionality of the zoning ordinance is a separate issue not properly a part of these proceedings since the denial of the variance request never addressed the validity of the zoning ordinance. Furthermore, the superior court sat in the posture of an appellate court, so it was not in a position to address constitutional issues that were not before the board.

76 N.C. App. 646, 649, 334 S.E.2d 103, 105 (1985) (internal citations omitted). *See also Godfrey v. Zoning Bd. of Adjustment*, 317 N.C. 51, 62-63, 344 S.E.2d 272, 279 (1986) (noting this Court in *Sherrill* properly refused to address the petitioner's challenge to the constitutionality of a particular zoning ordinance where the previous courts had not ruled on that issue); *Dobo v. Zoning Bd. of Adjust. of Wilmington*, 149 N.C. App. 701, 706-07, 562 S.E.2d 108, 111-12 (2002), *rev'd in part on other grounds*, 356 N.C. 656, 576 S.E.2d 324 (2003). The Board only had the authority to grant or deny the variance under the zoning ordinance. *Sherrill*, 76 N.C. App. at 649, 334 S.E.2d at 105; *Simpson v. City of Charlotte*, 115 N.C. App. 51, 55, 443 S.E.2d 772, 775 (1994). The superior court, sitting as an appellate court and acting pursuant to a writ of *certiorari* under N.C. Gen. Stat. § 160A-388(e), only had the power to consider whether the variance was properly granted or denied. *Simpson*, 115 N.C. App. at 55, 443 S.E.2d at 775. Likewise, this Court's review is limited to a determination of whether the variance was properly denied under the existing ordinance. *Sherrill*, 76 N.C. App. at 649, 334 S.E.2d at 105.

Petitioner asserts that although the issues raised in its appeal include constitutional considerations regarding the absence of secondary effects surrounding the area where the adult bookstore is located, its constitutional arguments are not being offered as a constitutional attack. Rather, petitioner contends that since adult uses are entitled to a variance from separation requirements contained in an adult zoning ordinance upon a showing that there are sufficient buffers that lessen the likelihood of adverse secondary effects, the Board's decision to deny it the variance was arbitrary and capricious because it failed to consider evidence of the lack of secondary effects associated with its adult bookstore. No matter the label petitioner places on its argument, the effect is the same; it challenges the constitutionality of the ordinance as applied to it. Therefore, it was not a proper consideration for the Board, the superior court, or this Court.

For the reasons discussed herein, we affirm the trial court's ruling in which it affirmed the Board's denial of petitioner's request for a variance.

AFFIRMED.

Judges HUDSON and JACKSON concur.