IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-1108

Filed: 15 October 2019

New Hanover County, No. 18 CVS 429

JUBILEE CAROLINA, LLC, Petitioner,

v.

TOWN OF CAROLINA BEACH, NORTH CAROLINA, CAROLINA BEACH DEVELOPMENT COMPANY 1, LLC, and WILMINGTON HOLDING COMPANY, Respondents.

Appeal by petitioner from order entered 3 May 2018 by Judge R. Kent Harrell in New Hanover County Superior Court. Heard in the Court of Appeals 10 April 2019.

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Daniel F. E. Smith and S. Leigh Rodenbough IV, for petitioner-appellant.*

*Craige & Fox, PLLC, by Charlotte Noel Fox, for respondent-appellee Town of Carolina Beach.*

*Fox Rothschild LLP, by Kip D. Nelson and Thomas E. Terrell, Jr., for respondent-appellee Carolina Beach Development Company 1, LLC.*

*Ward and Smith, P.A., by Thomas S. Babel, for respondent-appellee Wilmington Holding Company.*

BRYANT, Judge.

Where the superior court properly reviewed and determined that the Town Council's decision was based on competent, material, and substantial evidence in the record, we affirm the superior court's ruling.

This matter involves a zoning decision by respondent Town of Carolina Beach ("the Town"), approving a conditional use permit for respondent Carolina Beach Development Company 1, LLC ("CBDC") to develop a Publix grocery store in a shopping center owned by respondent Wilmington Holding Company ("WHC") (collectively referred to as "respondents"), which affected the adjacent commercial parcel owned by petitioner Jubilee Carolina, LLC ("Jubilee").

On 15 February 2017, Jubilee applied for a conditional use permit to construct a Harris Teeter grocery store on its property at Carolina Beach, North Carolina. Jubilee's application included a proposed site plan with respect to the Harris Teeter and provided interconnectivity to common access points between WHC's property and Jubilee's property for vehicular traffic. A hearing was held on Jubilee's request for a conditional use permit on 11 April 2017. A representative of WHC was present and spoke in support of Jubilee's application. The Town Council approved Jubilee's site plan with interconnectivity and granted a conditional use permit ("Jubilee Permit"). As a condition of the Jubilee Permit, Jubilee entered an easement agreement with the Town, which allowed the Town to construct and maintain a storm water facility on Jubilee's property.

Meanwhile, CBDC entered into a contract with WHC to purchase WHC's property, adjacent to Jubilee's proposed Harris Teeter site, and redevelop that property for a Publix grocery store. On 6 November 2017, CBDC applied for a

conditional use permit with a proposed site plan that excluded interconnectivity to Jubilee's property. The Town's planning and zoning commission, after reviewing CBDC's application and proposed site plan in advance of the public hearing, recommended approval of CBDC's application on the condition that CBDC provide interconnectivity or a "stub out" to Jubilee's property once it was developed.

On 9 January 2018, the Town Council held a public hearing for consideration of CBDC's application. At the hearing, Jubilee stated its approval of CBDC's application for a conditional use permit provided that interconnectivity was required to Jubilee's property. However, CBDC indicated that it did not intend to provide interconnectivity as the proposed Harris Teeter was "an economic competitor" and, if such interconnectivity was required, CBDC would withdraw the application.

The Town Council approved CBDC's conditional use permit but did not adopt the recommendation to include interconnectivity to Jubilee's property ("CBDC Permit")—finding that "interconnectivity [was] not required under the Town's ordinance."

On 8 February 2018, Jubilee filed a petition for writ of certiorari before the New Hanover County Superior Court seeking review of the decision to grant the CBDC Permit—specifically, asserting that the Town acted arbitrarily and capriciously, that the decision was not supported by substantial evidence, and that Jubilee had a statutory vested right to interconnectivity in its conditional use permit.

On 3 May 2018, the Honorable R. Kent Harrell, Superior Court Judge presiding, issued an order finding that Jubilee's vested rights argument was not properly before the superior court, and upheld the decision to grant the CBDC Permit without interconnectivity. Jubilee appealed.

---

*I*

Before this Court, Jubilee argues that the Town Council's findings in support of its decision to grant the CBDC Permit without interconnectivity were erroneous because it favored CBDC's interests over Jubilee. Additionally, Jubilee argues that it acquired a statutory vested right to interconnectivity and the Town Council failed to consider that vested right before granting the CBDC Permit. Conversely, respondents argue that Jubilee failed to assert the vested rights argument before the Town Council, and therefore, this Court does not have jurisdiction to analyze the issue. We first address respondents' argument as to this Court's jurisdiction.

"[A] determination of the 'vested rights' issue requires resolution of *questions of fact*, including reasonableness of reliance, existence of good or bad faith, and substantiality of expenditures." *Godfrey v. Zoning Bd. of Adjustment of Union Cty.*, 317 N.C. 51, 63, 344 S.E.2d 272, 279 (1986) (emphasis added). "Fact finding is not a function of our appellate courts." *Id.* "The [superior] court, reviewing the decision of a town board on a conditional use permit application, sits in the posture of an

appellate court. The [superior] court does not review the sufficiency of evidence presented to it but reviews that evidence presented to the town board." *Coastal Ready-Mix Concrete Co. v. Bd. of Comm'rs of Town of Nags Head*, 299 N.C. 620, 626–27, 265 S.E.2d 379, 383 (1980). Thus, "the superior court, and hence this Court through our derivative appellate jurisdiction, [has] the statutory power to review only the issue of whether the [conditional use permit] was properly denied." *Sherrill v. Town of Wrightsville Beach*, 76 N.C. App. 646, 649, 334 S.E.2d 103, 105 (1985).

In the instant case, we agree with respondent: the record reveals that Jubilee raised the issue of vested rights for the first time before the superior court in their petition for writ of certiorari. Jubilee did not argue that it had a vested right to interconnectivity at the CBDC Permit hearing before the Town Council. Rather, Jubilee presented evidence of their site plan and argued that without interconnectivity, the Harris Teeter site plan would need to be redesigned. As such, the issue of vested rights was not properly raised before the Town Council at the CBDC Permit hearing, and therefore, no necessary findings of fact were entered.

Given that the decision to grant the CBDC Permit never addressed whether Jubilee acquired a statutory vested right, it was improper for Jubilee to assert the issue for the first time before the superior court as the review was limited to "errors of law appearing on the face of the record." *Godfrey,* 317 N.C. at 62, 344 S.E.2d at

279. Moreover, as the superior court was without jurisdiction to hear this issue, this Court is, likewise, without jurisdiction.[1]

*II*

Jubilee also argues that the superior court erred in affirming the Town's decision to grant the CBDC Permit because the findings of fact were not supported by substantial evidence and the Town Council's decision was arbitrary and capricious. We disagree.

"[W]hen sufficiency of the evidence is challenged or when a decision by a city council denying a [conditional use permit] is alleged to have been arbitrary or capricious, the reviewing court must employ the whole record test." *SBA, Inc. v. City of Asheville City Council*, 141 N.C. App. 19, 26, 539 S.E.2d 18, 22 (2000). "The whole record test requires that the trial court examine all competent evidence to determine whether the decision was supported by substantial evidence." *Hopkins v. Nash Cty.*, 149 N.C. App. 446, 448, 560 S.E.2d 592, 594 (2002). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Id.* at 449, 560 S.E.2d at 594 (citation and quotation marks omitted).

---

[1] Had this issue of vested rights been properly before us, we would be constrained to reject Jubilee's statutory vested rights argument. A *site plan* alone is not sufficient to acquire a vested right under the Town's ordinances. *See* CAROLINA BEACH, N.C., CODE § 40-397(b)(4), (c)(7)–(8) (2018) (stating that "[a]ny property owner wishing to establish [a] vested right shall make their intentions known in writing to the town at the time of submittal of the *site-specific development plan*" with proper notation that "approval of this site-specific development plan establishes a vested right under G.S. 160A-385.1" (emphasis added)). Nothing in the record shows that Jubilee possessed a site-specific development plan which could form the basis of a statutory vested right.

On appeal, "[t]his Court's task on review of the superior court's order is twofold: (1) determining whether the [superior] court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly." *SBA*, 141 N.C. App. at 23, 539 S.E.2d at 20 (citation and internal quotation marks omitted). "Our review is whether the [superior] court, in applying the 'whole record test,' properly determined that the [Town Council] made sufficient findings of fact which were supported by the evidence in an effort to prevent decisions from being arbitrary and capricious." *Robertson v. Zoning Bd. of Adjustment for City of Charlotte*, 167 N.C. App. 531, 534, 605 S.E.2d 723, 725 (2004). "The [superior] court's decision may be reversed as arbitrary and capricious if petitioners establish that the [Town Council]'s decision was whimsical, made patently in bad faith, indicate[d] a lack of fair and careful consideration, or fail[s] to indicate any course of reasoning and the exercise of judgment." *Id.* (alterations in original) (citation and quotation marks omitted).

Here, the superior court reviewed the record, considered arguments from the parties, and issued the following findings of fact and conclusions of law:

> There is no evidence in the record that interconnectivity was required between adjoining parcels in order for the decision making board to approve the permit requested.
>
> The recommendations of a town planning staff or zoning commission are not binding on the decision making board, in this case the town council.
>
> . . . .

The findings of fact in the record are based on substantial, material, and competent evidence and indicate a thoughtful and reasoned process. Review of the transcript and of the video recording of these proceedings confirms that the decision of the board was the result of a deliberative process and that consideration was given to the arguments made by [Jubilee] regarding interconnectivity. The fact that those arguments were rejected does not render the decision arbitrary or capricious.

. . . .

There is no evidence before this Court that any member had a fixed opinion prior to the hearing that was not susceptible to change. Nor is there evidence of undisclosed ex-parte communication, or close familial or business relationships.

[Jubilee] argues that the discussions between members of the board and the applicant over the possible purchase of fill [dirt] from the town for use on the site constituted a financial interest in the outcome of the matter. However, the permit was not issued on condition that the applicant purchase fill material from the town and that same fill material was offered to [Jubilee] for use on its site.

Further, [Jubilee] failed to object in the hearing to further participation by the member of the board who raised the issue.

"Due process rights" relate to the ability of a party to present evidence, cross examine witness[es] and be heard. The record reflects that [Jubilee] was afforded all of those rights during the hearing.

. . . .

Those findings of fact were supported by substantial, material and competent evidence, were not in violation of

- 8 -

> [Jubilee's] constitutional rights, were not arbitrary or capricious, and were not in excess of the council's statutory authority.

Based on the superior court's findings, it is apparent that the superior court properly reviewed the allegations under the whole record test. There was substantial evidence to support the superior court's findings as the weight of the evidence established that CBDC met the requirements to receive the CBDC Permit and Jubilee did not present any evidence to rebut its issuance. *See Davidson Cty. Broad., Inc. v. Rowan Cty. Bd. of Comm'rs*, 186 N.C. App. 81, 86, 649 S.E.2d 904, 909 (2007) ("If an applicant has produced competent, material, and substantial evidence tending to establish the existence of the facts and conditions which the ordinance requires for the issuance of a [conditional] use permit [as] *prima facie*[,] he is entitled to it. If a *prima facie* case is established, a denial of the permit then should be based upon findings contra which are supported by competent, material, and substantial evidence appearing in the record" (citation omitted)). Jubilee stated that it was "in support of the project" as long as interconnectivity was required. However, the Town Council found that the requirement for interconnectivity was not enforced during the deliberation for the Jubilee Permit, and therefore, to require interconnectivity for the CBDC Permit would be improper. While Jubilee contends that the Town Council was motivated by a discriminatory purpose to favor the CBDC Permit because CBDC might use the fill dirt in the possession of the Town, we reject that contention as the evidence supports that Jubilee was offered the same opportunity to use the fill dirt

by the Town. Thus, on this record, the superior court properly applied the whole record test and did not err in finding and concluding that the Town Council's decision was based on competent, material, and substantial evidence in the record and was not arbitrary and capricious.

Accordingly, for the aforementioned reasons, we affirm the superior court's ruling.

AFFIRMED.

Judges STROUD and COLLINS concur.